[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 21, 1994 Date of Application April 25, 1994 Date Application Filed April 29, 1994 Date of Decision September 26, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford.
Docket Numbers CR 92-426867; 92-426894; 92-421362;
James A. Winslow, Esq., Defense Counsel, for Petitioner. CT Page 11262
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner entered pleas of guilty in the above three files, as follows.
 CR-92-426867 Robbery, 3rd degree (§ 53a-136). This involved the shoplifting of liquor from a package store and a struggle with the manager who tried, unsuccessfully, to restrain the petitioner.
 CR-92-426894 Robbery, 3rd degree (§ 53a-136) and Failure to Appear, 1st degree (§ 53a-177). This involved the attempted theft of 72 packages of Kool-Aid from a store and a fight with a security guard who tried to stop him, including an attempt to cut the guard with a razor knife. He later failed to appear.
 CR-92-421362 Possession of Narcotics (§ 21a-279(a) and Failure to Appear, 1st degree (§ 53a-177).
The total effective sentence imposed in the three files was 10 years, execution suspended, and the petitioner was placed on probation for 3 years. That sentence was imposed on May 13, 1993.
Thereafter, the petitioner was charged with Violation of Probation and on March 9, 1994, after hearing, was found to be in violation.
One of the conditions of probation was the successful completion of a CADAC substance abuse program. The petitioner failed that condition and also had five new criminal cases pending. CT Page 11263
The Court, at the second stage of the violation of probation hearing, concluded that the beneficial or rehabilitative purposes of probation would not be met. The petitioner has a lengthy criminal record including earlier convictions for assault, larcenies, burglary, and robberies. Earlier attempts to provide substance abuse treatment were not productive and his current probation was similarly a failure.
He shows a propensity for violence and public safety becomes a paramount consideration in determining his sentence.
In his comments to the Division the petitioner blames his drug addiction and stresses in his personal life, but these matters have little, if any, relationship to the appropriateness of his sentence.
This petitioner was given opportunities to rehabilitate himself. Prior sentences of incarceration have not deterred criminal activity and probation has been equally futile.
The sentencing court quite reasonably determined the petitioner's behavior was, at best, unchanged and perhaps getting worse.
Reviewing the sentence imposed as mandated by § 952 of the Practice Book, the Division finds they are appropriate and proportionate. They are affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.